UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

O'NEAL BOSLEY

CIVIL ACTION

VERSUS

NUMBER 13-343-JJB-SCR

LOUISIANA OFFICE OF MOTOR
VEHICLES

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, July 29, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

O'NEAL BOSLEY

VERSUS

LOUISIANA OFFICE OF MOTOR
VEHICLES

CIVIL ACTION

NUMBER 13-343-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Plaintiff fled a complaint titled Suit for Damages and Request on Ruling Petitioners Denial of Acceptance as a 30 Hour Driving Instructor (hereafter "complaint"). Plaintiff alleged that he is attempting to obtain a certification as a driving instructor from the Louisiana Office of Motor Vehicles (hereafter "OMV"). According to the allegations in the complaint, the plaintiff was told by one employee of the OMV that his proposed curriculum, which must be approved to obtain the certification, was better than that of any of the other applicants. However, plaintiff alleged, he was then told by another OMV employee that it was unacceptable. Plaintiff characterizes these statements and others as "sending too many messages." Plaintiff concluded that he is being denied certification as a driving instructor because he is black. Plaintiff seeks an order approving his curriculum and $250,000 in damages for loss of income.

## I. Applicable Law and Analysis

A complaint may be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (iii) if it is frivolous or fails to state a claim on which relief may be granted. A complaint is frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for 28 U.S.C. § 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff's complaint should be dismissed as frivolous.

There is no apparent basis for subject matter jurisdiction under 28 U.S.C. §§ 1331 or 1332. There is no allegation or indication in the complaint that the plaintiff filed a charge of discrimination with the Equal Opportunity Employment Commission or a comparable state agency. There are no factual allegations in the complaint which, if accepted as true, could support a finding of

3

race discrimination.  Plaintiff's belief that he is the victim of discrimination is not sufficient to support a claim.  Therefore the court concludes that there is no basis for federal question jurisdiction.  Nor is there a basis for diversity jurisdiction.  The OMV is not a "citizen" for the purpose of diversity jurisdiction under § 1332.  But even if the OMV could be considered as a "citizen" for the purpose of § 1332, it would have to be a citizen of Louisiana, the same state of which the plaintiff is citizen.  Therefore, there would not be diversity of citizenship.

Furthermore, the plaintiff named OMV as the only defendant.  The OMV is a part of the Louisiana Department of Public Safety and Corrections, which is a state agency.  Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits seeking monetary damages brought in federal courts by her own citizens as well as citizens of another state.  *Edelman v. Jordan*, 415 U.S. 659, 94 S.Ct. 1347 (1974).  Thus, absent a waiver by the state, Louisiana is immune from a suit for damages in this court based on a state law claim.  Louisiana has not waived her sovereign immunity under the Eleventh Amendment.  The OMV, as part of the Louisiana Department of Public Safety and Corrections, shares the state's Eleventh Amendment Immunity.

### **RECOMMENDATION**

It is the recommendation of the magistrate judge that the

plaintiff's complaint be dismissed as frivolous.

Baton Rouge, Louisiana, July 29, 2013.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE